# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT LEW,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 12-1249-JTM |
| ) | |
| **CHILDREN INTERNATIONAL,** ) | |
| ) | |
| **Defendant,** ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff, pro se, filed a three-page complaint containing conclusory allegations that defendant committed fraud.  This matter is before the court on various "motions" by plaintiff and the rulings are set forth below.

**Plaintiff's "Motion to Forestall Subterfuge" (Doc. 6)**

Plaintiff alleges in a two-paragraph "motion" that defendant filed a motion to dismiss "but deliberately [sent] nothing to the plaintiff so that the case is terminated before plaintiff knows what has happened."  Plaintiff also argues that defendant's attorneys should "be brought up on charges by the court for their unethical conduct." (Doc. 6).  Neither defendant nor defense counsel filed a formal response to plaintiff's motion.

The certificate of service attached to defendant's motion to dismiss (Doc. 8) states that defense counsel electronically filed the motion to dismiss "with the clerk of the court by

using the CM/ECF system which will send a notice of electronic filing to [plaintiff]." This assertion is incorrect—plaintiff proceeds pro se and is not registered to receive electronic notification of documents filed in this case. Accordingly, plaintiff's motion **(Doc. 6)** is **GRANTED IN PART** and defendant shall serve plaintiff with all future filings by mail at plaintiff's Salina, Kansas address.[1] The court is not persuaded that defense counsel's mistake concerning electronic notice warrants charges of unethical conduct; therefore, that portion of the motion is **DENIED.**

**Plaintiff's "Motion Re Veronica Liques Deposition" (Doc. 13)**

Plaintiff's "motion" reflects his desire to take the deposition of Veronica Liques. The request for discovery is premature; therefore, plaintiff's motion **(Doc. 13)** is **DENIED WITHOUT PREJUDICE.**  See Fed. R. Civ. Procedure 26(d)(1).

**Plaintiff's "Motion to Curtail" (Doc. 18)**

Plaintiff asserts that his lawsuit "is merely a grade-B lawsuit, meriting at best 2 hours of court time about 10 months from now" and moves the court to order defendant "to refrain from making ceaseless daily attacks on plaintiff's basic claims." Notwithstanding plaintiff's

---

[1] After the motion to dismiss was filed, defense counsel was separately notified by the clerk of the court that plaintiff was not registered to receive electronic notification and that filings must be served on plaintiff by mail. Defendant filed a modified certificate of service showing that the motion to dismiss was served by mail. (Doc. 10).

candor concerning the claims asserted in his lawsuit, plaintiff's motion fails to set forth legal justifications for his requested order. Accordingly, plaintiff's motion **(Doc. 18)** is **DENIED.**

**Plaintiff's "Motion to Clean House" (Doc. 19)**

Plaintiff asks that the court "clear the air by making a single interim ruling on the assorted motions." The court will rule on defendant's motion to dismiss and motion for summary judgment in due course. Plaintiff's "motion to clean house" **(Doc. 19)** is **DENIED.**

**Plaintiff's Motion to Reduce Damage Claim (Doc. 20)**

Plaintiff originally requested damages of $100,000 and the "total shutdown of the Children International organization, with seizure of all assets, to the sum of $5 trillion." (Doc. 1). Conceding he "was in the grip of excessive emotion" when he filed this lawsuit, plaintiff now seeks to drop his request that defendant be "shutdown" and that all assets be seized. Defendant does not oppose the reduction in damages but argues that the requested relief is moot in light of defendant's motion to dismiss.

Defendant's motion to dismiss remains pending before the district judge; therefore, the assertion that plaintiff's motion is moot is not persuasive. Accordingly, plaintiff's motion to reduce his damage claim **(Doc. 20)** shall be **GRANTED.** If the complaint survives defendant's motion to dismiss, the formal amendment of plaintiff's complaint will be addressed at a future date.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 21st day of September 2012.

                                          S/ Karen M. Humphreys
                                          _____
                                          KAREN M. HUMPHREYS
                                          United States Magistrate Judge